IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEVEN FEHLMAN, PERSONAL REPRESENTATIVE for the ESTATE of CHASE M. FEHLMAN, and INDIVIDUALLY; TAYLOR F. FEHLMAN, by his GUARDIAN AD LITEM STEVEN FEHLMAN; and A. McCAFFREY as PERSONAL REPRESENTATIVE for the ESTATE OF BONNIE B. FEHLMAN, | CV-10-122-ST<br><br>FINDINGS AND RECOMMENDATION |
| Plaintiffs, | |
| v. | |
| A. McCAFFREY, ADMINISTRATOR of the ESTATE OF BONNIE B. FEHLMAN; GERALD LEE MCGEE Sr; INTERSTATE WOOD PRODUCTS, INC, a Foreign Corporation; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, | |
| Defendants. | |

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

On February 13, 2009, plaintiffs filed a Complaint in Multnomah County Circuit Court as Case No. 0902-02228 alleging claims for wrongful death, bodily injury, negligence, and breach of contract against four defendants. Plaintiffs' claims arise from an automobile accident that occurred on February 15, 2006. On February 4, 2010, two of the defendants, Gerald Lee McGee, Sr. ("McGee") and Interstate Wood Products, Inc. ("Interstate") (collectively "removing defendants"), filed a Notice of Removal pursuant to 28 USC §§ 1441 and 1446, asserting diversity jurisdiction under 28 USC § 1332. Contending that removal was improper because complete diversity does not exist, plaintiffs move to remand this case back to state court (docket #9). For the reasons set forth below, that motion should be GRANTED.

## BACKGROUND

On February 15, 2006, Bonnie Fehlman and her two children, Chase and Taylor Fehlman, were involved in a motor vehicle accident with McGee on Highway 26 near Government Camp. Complaint (docket #2, Attach. 1), ¶¶ 1-2. Bonnie and Chase Fehlman died in the accident, and Taylor Fehlman was injured. *Id*. At the time of the accident, defendant McGee was an employee of Interstate. *Id*. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") provided Bonnie Fehlman with motor vehicle liability insurance coverage. *Id*.

On October 13, 2006, Steven Fehlman settled his wrongful death claim against Bonnie Fehlman's estate for the death of his son, Chase Fehlman, for $25,000.00. Foster Decl. (Attach. 6 to Notice of Removal), Ex. 1. The court issued a limited judgment approving the settlement of the wrongful death claim to fund an annuity at a cost of $25,000.00 and apportioning the

settlement to Steven Fehlman, as Chase Fehlman's surviving parent. *Id*, Ex. 2, pp. 13-21. A judgment discharging and closing the Estate of Chase Fehlman was issued on October 20, 2006. *Id*, p. 22. On December 28, 2006, the court approved Taylor Fehlman's personal injury settlement with Bonnie Fehlman's Estate, with Steven Fehlman appointed as conservator. *Id*, Ex. 3.

On February 13, 2009, plaintiffs Steven Fehlman (individually and as personal representative for the Estate of Chase Fehlman), Taylor Fehlman (by his guardian ad litem Steven Fehlman), and A. McCaffrey, personal representative for the Estate of Bonnie Fehlman ("Estate Representative"), filed suit in Multnomah County against A. McCaffrey, as administrator for the Estate of Bonnie Fehlman ("Estate Administrator"), McGee, Interstate, and State Farm. The First Claim by Steven Fehlman, individually and as the Personal Representative, seeks damages for the wrongful death of Chase Fehlman. Complaint (Attach. 1 to Notice of Removal), ¶¶ 5-6. The Second Claim by Steven Fehlman, as the guardian ad litem for Taylor Fehlman, seeks damages for personal injuries suffered by Taylor Fehlman. *Id*, ¶¶ 7-8. The Third Claim by Steven and Taylor Fehlman alleges that State Farm breached the insurance policy by wrongfully denying payment of benefits in the amount of $250,000.00. *Id*, ¶¶ 9-10. The Fourth Claim brought by the Estate Representative seeks economic damages for the Estate of Bonnie Fehlman and non-economic damages for Steven and Taylor Fehlman due to McGee's and International's negligence. *Id*, ¶¶ 11-12. At the time of filing, plaintiffs were residents of Oregon, defendant McGee was a resident of Washington, defendant Interstate was a Washington corporation, and defendant State Farm was a foreign corporation. The only non-diverse

defendant was the Estate Administrator, who is also the Estate Representative and a named plaintiff.

On July 6, 2009, defendants State Farm and the Estate Administrator moved for summary judgment on the grounds that plaintiffs had already settled their claims against the Estate Administrator, and that Steven Fehlman's damages from State Farm are not recoverable in an uninsured or underinsured motorist ("UM/UIM") claim, and that neither Steven Fehlman nor Taylor Fehlman had UM/UIM coverage because the vehicles involved in the accident did not fall within the policy definition of an uninsured or underinsured vehicle. Defendants' Motion for Summary Judgement (Attach. 5 to Notice of Removal), p. 2. On December 23, 2009, plaintiffs filed their response arguing that the settlements were procured by mistake or misrepresentation by State Farm and its referral attorney as to the applicable policy limits and that an issue of fact existed whether a phantom vehicle caused Bonnie Fehlman to collide with McGee, giving rise to UM/UIM coverage. Plaintiffs' Memorandum in Opposition to Summary Judgment (Attach. 20 to Notice of Removal), p. 3.

Judge Breithaupt heard the motion on January 21, 2010. In a letter opinion dated January 26, 2010, he granted the motion, finding that plaintiffs had not pled and had produced no admissible evidence that the accident was caused by a phantom vehicle, that "no reasonable juror could make any finding other than that the policy" contained a resident relative exclusion limiting liability to $25,000.00/$50,000.00, and that State Farm made no misrepresentations regarding the policy limits. Dusterhoff Decl. (docket #11), Ex. 1, p. 3. Judge Breithaupt concluded his ruling as follows: "The motion of Defendants is granted. Counsel for Defendants is directed to prepare an appropriate form of order." *Id*.

4 - FINDINGS AND RECOMMENDATION

On February 4, 2010, defendants McGee and Interstate filed a Notice of Removal with this court, on the grounds of complete diversity of citizenship. There is no dispute that based upon the face of the Complaint, the amount in controversy exceeds $75,000.00, but complete diversity between the parties is lacking because the plaintiffs and the Estate Administrator are citizens of Oregon. In support of the Notice of Removal, defendants McGee and Interstate claim that on January 26, 2010, the case became removable based on complete diversity once defendants State Farm and the Estate Administrator were awarded summary judgment on all claims, leaving only McGee and Interstate, citizens of Washington, as defendants. Plaintiffs disagree, and on March 8, 2010, filed a motion to remand on the basis that the case was removed without complete diversity.

## LEGAL STANDARD

Subject to strict time constraints, defendants in a state court action may remove that action to federal court when the case could have originally been brought in federal court. 28 USC §§ 1441, 1446(b). One basis for federal court jurisdiction is the complete diversity of all parties on one side of the action from all parties on the other side of the action. 28 USC § 1332; *In re Digimarc Corp. Derivative Litigation*, 549 F3d 1223, 1234 (9th Cir 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff.") (citation omitted).

Pursuant to 28 USC § 1446(b), a case may be removed under two different 30-day windows. The first window requires the notice of removal to be filed 30 days after the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id*. If no grounds for removal are revealed by that initial pleading, then

a second 30-day removal period is triggered upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. The 30-day limitations period is designed to prevent undue delay in removal and a waste of judicial resources involved in starting a case over in federal court after substantial proceedings have taken place in state court. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*., 668 F2d 962, 965 (3rd Cir 1982); *Ritchey v. Upjohn Drug Co.*, 139 F3d 1313, 1317 (9th Cir), *cert denied* 525 US 963 (1998) (discussing legislative history of removal statute's 30-day limitations period).

As a general rule, the court must strictly construe the removal statute, "and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir 2009), citing *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id*, quoting *Gaus*, 980 F2d at 566; *see also Durham v. Lockheed Martin Corp.*, 445 F3d 1247, 1252 (9th Cir 2006).

## **FINDINGS**

In support of their motion to remand, plaintiffs allege that removal was premature because Judge Breithaupt's January 26, 2010 letter ruling did not dismiss any defendants and, therefore, did not create diversity jurisdiction. Even if Judge Breithaupt's letter ruling is sufficient to establish dismissal of the non-diverse defendant, plaintiffs alternatively contend that the dismissal was involuntary, such that the case was not removable. Defendants respond that removal was proper because the letter opinion was an "order or other paper from which it may

first be ascertained" that the action was removable pursuant to 28 USC § 1446(b) and that the non-diverse defendant was fraudulently joined.

## I. Judge Breithaupt's Letter Opinion

The parties first dispute whether Judge Breithaupt's January 26, 2010 letter opinion was an "order or other paper from which it may first be ascertained that the action is removable" pursuant to 28 USC § 1446(b). Under Oregon law, a memorandum or letter opinion does not constitute an "order" because "an appeal can be taken only from a 'final, appealable order,' not from an 'opinion.'" *McCollum v. Kmart Corp.*, 2010 WL 569656 at *3, — P3d —, 347 Or 707 (Feb. 19, 2010), citing *Ernst v. Logan Oldsmobile Co.*, 208 Or 449, 451, 302 P2d 220 (1956). Judge Breithaupt's letter opinion was clearly intended to serve only as a ruling on the motion for summary judgment and expressly warned that it was not a formal order by directing defendants' counsel to "prepare an appropriate form of order." Moreover, the court registry refers to an "Opinion Letter" and includes no other language indicating that it was an "Order." Dusterhoff Decl., Ex. 8, p. 5.

That the letter opinion is not an order is confirmed by subsequent events. Two days after the issuance of the letter opinion, plaintiffs sought reconsideration (*id*, Ex. 2), which defendants opposed (*id*, Ex. 3). In response, Judge Breithaupt sent another letter to the parties dated February 2, 2010, which again emphasized that an order needed to be entered: "Beyond a signature of a form of order in the ruling on the motion of Defendants previously granted on January 26, 2010, Judge Breithaupt is taking no further action on this case." *Id*, Ex. 4, p. 2. On February 9, 2010, Judge Breithaupt received a proposed Limited Judgment and Money Award and on February 9, 2010, he received a proposed Order Granting Defendants' A. McCaffrey as

7 - FINDINGS AND RECOMMENDATION

Administrator of the Estate of Bonnie B. Fehlman and State Farm's Motion for Summary Judgment. *Id*, Ex. 5, pp. 2-3. Because defendants removed the case to this court on February 4, 2010, these documents were never signed or entered into the court registry and, accordingly, the state action closed. *Id*, Ex. 8, p. 6.

Even though the letter opinion is not an order, it falls within the category of an "other paper from which it may first be ascertained that the action is removable" under 28 USC § 1446(b). Courts have construed the term "other paper" expansively to include a wide array of documents far short of a court order. *See, e.g., Eyak Native Village v. Exxon Corp.*, 25 F3d 773, 778-79 (9th Cir 1994) (plaintiff's reply brief); *Akin v. Ashland Chemical Co.*, 156 F3d 1030, 1036 (10th Cir 1998) (plaintiff's answers to interrogatories); *Lien v. H.E.R.C. Products, Inc.*, 8 F Supp2d 531 (ED Va 1998) (settlement offer); 14C Federal Practice and Procedure (4th Ed. 2009) § 3731, pp. 539-47 (noting that "depositions, answers to interrogatories, and requests for admissions, amendments to ad damnum clauses of the pleadings, and correspondence between the parties and their attorneys or between the attorneys are usually accepted as 'other paper' sources that initiate a new thirty day period of removability," and collecting cases). In fact, several courts have allowed removal prior to entry by the state court of a final dismissal order of a non-diverse defendant. *Chohlis v. Cessna Aircraft Co.*, 760 F2d 901, 903 n2 (8th Cir 1985) (finding that a settlement between plaintiff and non-diverse party was sufficiently final to support removal, although the nondiverse party had not been adequately severed from the state court suit at the time of removal); *Ratcliff v. Fibreboard Corp.*, 819 F Supp 584, 587 (WD Tex 1992) ("A settlement between a plaintiff and the non-diverse defendant is final enough to support removal, even if the non-diverse defendant has not been severed from the case."); *King*

8 - FINDINGS AND RECOMMENDATION

*v. Kayak Mfg. Corp.*, 688 F Supp 227, 229-30 (ND WVa 1988) (allowing removal based on an oral ruling by a judge that a non-diverse defendant was no longer a party to the case due to a settlement).  Accordingly, the removing defendants did not need to await entry of an order in state court dismissing the non-diverse defendant before filing their Notice of Removal.

Although it would seem that the Notice of Removal was timely filed, this court cannot exercise diversity jurisdiction due to the "voluntary-involuntary" rule.  That rule provides that a suit which is non-removable when initially filed in state court does not become removable except by a voluntary act of the plaintiff or other acts or events not the product of the removing defendant's activity.  *Self v. General Motors Corp.*, 588 F2d 655, 658 (9th Cir 1978) (a ruling on the merits adverse to the plaintiff does "not operate to make the cause then removable . . .") (citation omitted); *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F2d 462, 463 (8th Cir1984) ("Removal is improper . . . if the dismissal of [the] resident defendant was involuntary.").  The rule is premised on the general principle of deference to the plaintiff's choice of forum.  *Self*, 588 F2d at 659, citing *Great Northern Ry. v. Alexander*, 246 US 276, 281-82 (1918).[1]  In addition, a trial court's dismissal of a plaintiff's claim against a non-diverse defendant is not final because it is appealable in the state courts.  *See Weems v. Louis Dreyfus Corp.*, 380 F2d 545, 548 (5th Cir 1967) (removal cannot be based on directed verdict dismissing resident defendant).

Judge Breithaupt's letter opinion granting summary judgment in favor of the non-diverse defendant was not a voluntary act by the plaintiffs.  Plaintiffs actively opposed the motion for

---

[1] The Supreme Court held, "in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *In invitum*, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion."  *Great Northern Ry.*, 246 US at 282.

9 - FINDINGS AND RECOMMENDATION

summary judgment. Even if the case had been removed after entry of a formal order dismissing the non-diverse defendants, the court, not the voluntary action of the plaintiffs, would have created the basis for diversity jurisdiction. Thus, the action did not become removable upon issuance of the letter opinion.

## II. Fraudulent Joinder Exception

The "voluntary-involuntary" rule has a well-established exception based on fraudulent joinder. The removing defendants seek to fall within that exception by arguing that plaintiffs engaged in fraudulent joinder by naming the non-diverse Estate Administrator as a defendant. They also contend that the removal was, in fact, timely because they could not have asserted fraudulent joinder before Judge Breithaupt granted the summary judgment motion.

When a non-diverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction, that defendant's presence may be ignored. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F3d 756, 761 (9th Cir 2002); *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir 2001). Fraudulent joinder does not necessarily involve "fraud" as that term is commonly understood; rather, "[f]raudulent joinder is a term of art." *Mercado v. Allstate Ins. Co.*, 340 F3d 824, 826 (9th Cir 2003) (citation omitted). Fraudulent joinder neither impugns the integrity of the plaintiffs or their counsel nor constitutes an intent to deceive. *Lewis v. Time Inc.*, 83 FRD 455, 460 (ED Cal 1979), *aff'd by* 710 F2d 549 (9th Cir 1983). Instead, a non-diverse defendant is deemed fraudulently joined "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F3d at 1067 (citation omitted). The removing party must prove that there is no possibility that the plaintiff can state a claim against the non-diverse defendants. *Boyer v. Snap-On Tools*

*Corp.*, 913 F2d 108, 111 (3rd Cir 1990), *cert denied*, 498 US 1085 (1991); *Carriere v. Sears, Roebuck and Co.*, 893 F2d 98, 100 (5th Cir), *cert denied*, 498 US 817 (1990); *see also Ritchey*, 139 F3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."). The removing defendants bear a heavy burden to establish fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F3d 1203, 1206 (9th Cir 2007).

To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and depositions. *Morris*, 236 F3d at 1067. The court must resolve all questions of disputed fact and controlling law against the party seeking removal. *Doherty v. TRGiSKY, Inc.*, 2009 WL 1312365 at *4 (D Or May 8, 2009), *citing Burden v. Gen. Dynamics Corp.*, 60 F3d 213, 217 (5th Cir 1995) (citations omitted).

The central issue at summary judgment was whether the resident relative exclusion (provided as endorsement 6937.2[2]) was part of Bonnie Fehlman's insurance contract. Plaintiffs claimed that the earlier settlements with the Estate Administrator were invalid because they were procured based upon misrepresentations made by State Farm regarding the liability limits contained in Bonnie Fehlman's insurance policy. Plaintiffs' Memorandum in Opposition to

---

[2] Amendatory endorsement 6937.2 provides:
 d. Item 2.c. of When Coverage Does Not Apply is changed to read:
  c. (1) YOU, OR
   (2) ANY OTHER INSURED OR MEMBERS OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD TO THE EXTENT THE LIMITS OF LIABILITY OF THIS POLICY EXCEEDS OREGON FINANCIAL RESPONSIBILITY REQUIREMENTS OF:
    (a) $25,000 FOR ALL DAMAGES BECAUSE OF BODILY INJURY TO ONE PERSON IN ANY ACCIDENT; AND (b) $50,000, SUBJECT TO THE LIMIT FOR ONE PERSON, FOR ALL DAMAGE BECAUSE OF BODILY INJURY TO TWO OR MORE PERSONS IN ONLY ONE ACCIDENT.

Defendants' Reply in Support of Summary Judgment (docket #2, Attach. 21), p. 6.

11 - FINDINGS AND RECOMMENDATION

Summary Judgment (Attach. 20 to Notice of Removal), pp. 3-5.  Plaintiffs argued that the figures on the policy renewal form relied upon by Bonnie and Steven Fehlman provided much higher liability limits ($100,000.00/$300,000.00) than those represented by State Farm and for which plaintiffs ultimately settled ($25,000.00/$50,000.00).  *Id*.  In particular, they contended that the endorsement did not accompany the policy renewal and, even if it did, it did not become a part of the contract.  State Farm did not dispute that it told Steven Fehlman that the applicable limits for his family as a result of the accident were $25,000.00/$50,000.00, but argued that it did so based on the controlling resident relative exclusion in the policy.  Defendants' Reply (Attach. 21 to Notice of Removal), p. 3.  Ultimately, Judge Breithaupt concluded that the resident relative exclusion, as provided in endorsement 6937.2, was enforceable and part of the insurance contract.  Dusterhoff Decl., Ex. 1, p. 3.  Thus, State Farm made no misrepresentations regarding the policy limitations, and the settlements were valid.  *Id*.

On its face, the Complaint appears to state a valid breach of contract claim, precluding removal when filed.  The dispute over the enforceability of the resident relative exclusion did not become evident until defendants State Farm and the Estate Administrator filed their summary judgment motion disputing the legal interpretation of that exclusion.  Although Oregon law clearly supported defendants' interpretation of the policy provision, plaintiffs responded, in part, that summary judgment was precluded by an issue of fact as to whether it became part of the policy.  That purported issue of fact supported plaintiffs' request for reconsideration and will support their stated desire upon remand to appeal Judge Breithaupt's ruling.

The removing defendants contend that because the state court ruled against plaintiffs, this court must find joinder of the non-diverse defendant to have been fraudulent.  However, an

12 - FINDINGS AND RECOMMENDATION

adverse summary judgment finding is not tantamount to a ruling that plaintiffs' failure to state a claim against the non-diverse defendant was obvious.  Until the summary judgment briefing and ruling, a possibility existed that plaintiffs could succeed on the merits of their claim against the non-diverse defendant.  According to plaintiffs, the appellate process in state court still leaves that possibility open.  In other words, this issue was not fairly easy to determine either from the face of the Complaint or with resort to limited additional evidence.  Instead, it was a more ambiguous issue that took months to develop in state court.  Thus, the removing defendants have not met their burden of showing by clear and convincing evidence that plaintiffs fraudulently join the Estate Administrator in an attempt to defeat diversity jurisdiction.

Even if plaintiffs did fraudulently join the non-diverse defendant, the question then arises, when did the removing defendants receive a pleading, motion, order, or "other paper" by which they ascertained that the case was or had become removable due to fraudulent joinder?  The removing defendants assert that they could not ascertain that the case had become removable until Judge Breithaupt issued his letter opinion.  However, they could have earlier ascertained the basis for removal due to fraudulent joinder.

Although the Complaint did not reveal a fraudulent joinder, the subsequent briefing on the motion for summary judgment certainly did.  By the time the removing defendants received a copy of plaintiffs' response to the summary judgment motion dated December 23, 2009, they were on notice of the dispute between the parties as to the applicability of the resident relative exclusion.  If they believed that plaintiffs' opposition to the motion lacked merit, then they also possessed the necessary information to conclude at that time that the joinder of the non-diverse defendants was fraudulent.  After that time, the removing defendants did not learn of any new

13 - FINDINGS AND RECOMMENDATION

facts or other new information supporting plaintiffs.  A motion for summary judgment is an "other paper" under 28 USC § 1446(b).  *See, e.g., Miller v. BAS Tech. Employment Placement Co.*, 130 F Supp2d 777 (D W Va 2001) (the filing of defendant's motion for summary judgment was "other paper" which provided notice to second defendant that the action was removable under diversity jurisdiction on basis that the non-diverse defendant was fraudulently joined).  Yet the removing defendants waited until the court's ruling on the summary judgment motion to file the Notice of Removal.

"[T]he ground for removal need not appear beyond a reasonable doubt in a court order before the right to effect a removal may be unmistakably apparent."  *Gray v. Rite Aid Corp.*, 189 F Supp2d 347, 349 (D Md 2002).  That Judge Breithaupt granted summary judgment is of no consequence.  "The dispositive issue is when Defendant was first able to ascertain that the case was removable, not when the state court first put its stamp on the matter."  *Riverdale Baptist Church v. Certainteed Corp.*, 349 F Supp2d 943, 953-54 (D Md 2004).  Thus, even if the non-diverse defendant had been fraudulently joined by plaintiffs, the Notice of Removal is untimely.

### III. Attorney Fees

Plaintiffs request an award of attorney fees and costs incurred in the motion to remand.  Since removal of this case was improper, this court may exercise its discretion to award attorney fees to reimburse plaintiffs for unnecessary costs associated with the motion to remand.  28 USC § 1447 (c); *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F3d 1212, 1215 (9th Cir 2000).  However, absent unusual circumstances, attorney fees should not be awarded when the removing party has an objectively reasonable basis for removal.  *See Martin v. Franklin Capital Corp.*, 546 US 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F3d 996, 999 (9th Cir 2006).

The removing defendants' reliance on Judge Breithaupt's letter opinion was not wholly misguided. Timing was critical for the removing defendants since removal based on diversity jurisdiction had to be accomplished no later than February 13, 2010, in order to satisfy the 12-month outside limit for removal. 28 USC § 1446(b). They filed the Notice of Removal just eight days after issuance of the letter opinion. Initially as discussed at the initial Rule 16 scheduling conference with the court, the parties disputed only whether removal based on the letter opinion was premature. The potential impact of the "involuntary-voluntary" rule and the fraudulent joinder exception did not arise until much later. Considering the strict deadlines faced by defendants, removal was objectively reasonable and does not warrant the imposition of costs and fees upon removing defendants.

## RECOMMENDATION

For the reasons discussed above, plaintiffs' Motion to Remand (docket # 9) should be GRANTED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 3, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of April, 2010.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge